UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JACKIE B. GAMMON,**

       **Plaintiff,**

v.                                                                                         Case No:   6:17-cv-904-Orl-37GJK

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

Jackie Gammon (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") finding Claimant not disabled prior to November 30, 2012. Doc. No. 1. Claimant argues that the Administrative Law Judge committed reversible error by: 1) applying improper legal standards to a treatment note completed by nurse practitioner Alicia Wolff; and 2) failing to weigh a checkbox form (the "Checkbox Form") completed by Ms. Wolff and Dr. James Badman, Claimant's treating physician. Doc. No. 12 at 16-20. Claimant requests that the Court reverse the Commissioner's final decision for an award of benefits or, should the case be remanded for further proceedings, that the Court impose a time limit of one hundred twenty days to complete the administrative proceedings. *Id.* at 29-30. Claimant argues that she has suffered an injustice because her applications have been pending since September 2009 and are on appeal to this Court for the third time. *Id.* For the reasons stated below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further proceedings.

## I. STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must take into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations and quotations omitted).

## II. PROCEDURAL BACKGROUND

### A. The First Appeal

On September 1, 2009, Claimant filed applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") alleging an onset date of January 30, 2003. R. 207. After Claimant's applications were denied initially and upon reconsideration, Claimant attended an April 1, 2011 hearing before Administrative Law Judge Pamela Houston ("ALJ Houston"). R. 1-28. On May 13, 2011, ALJ Houston issued an unfavorable decision finding

Claimant not disabled. R. 49-69. After the Appeals Council denied Claimant's request for review of ALJ Houston's decision, Claimant filed her appeal of that decision in this Court. *Gammon v. Comm'r of Soc. Sec.*, 6:13-cv-1567-ACC-KRS, Doc. No. 1. On July 30, 2014, the Commissioner filed an unopposed motion to remand the case for further proceedings. R. 621-623. The Commissioner sought remand to: 1) address Claimant's age category change to an individual closely approaching advanced age; 2) fully evaluate the opinion evidence from all sources in compliance with agency policy; and 3) provide a complete rationale for Claimant's residual functional capacity ("RFC") and include any mental limitations supported by the record in the RFC assessment. R. 621. On August 15, 2014, United States District Judge Anne C. Conway issued an order granting the motion and remanding the case for further proceedings. R. 617-618. On October 27, 2014, the Appeals Council issued an order (the "First Remand Order") remanding the case for further proceedings. R. 626-28. The First Remand Order noted three issues with ALJ Houston's decision. First, the decision's "B" criteria ratings under Listing 12.00C were inconsistent with Claimant's mental RFC. R. 626. Second, ALJ Houston's decision did not contain an adequate evaluation of a non-examining source opinion from Maxine Ruddock, Ph.D. *Id.* Finally, ALJ Houston's decision did not recognize the change in Claimant's age category. *Id.*

  **B.  The Second Appeal**

  On February 10, 2015, Claimant attended a second hearing before ALJ Houston. R. 548-585. On June 19, 2015, ALJ Houston issued another unfavorable decision finding Claimant not disabled. R. 490-519. Claimant then appealed ALJ Houston's second decision to this Court. *Gammon v. Comm'r of Soc. Sec.*, 6:15-cv-1643-RBD-KRS, Doc. No. 1. On April 14, 2016, the Commissioner filed another unopposed motion to remand the case for further proceedings. R. 983. The Commissioner sought remand to further consider the record, issue a new decision, and obtain

vocational expert testimony on the issue of transferable skills. *Gammon v. Comm'r of Soc. Sec.*, 6:15-cv-1643-RBD-KRS, Doc. No. 14. On April 21, 2016, United States District Judge Roy B. Dalton, Jr. issued an order granting the motion and remanding the case for further proceedings. R. 973-74. On May 31, 2016, the Appeals Council issued another order (the "Second Remand Order") remanding the case for further proceedings. R. 979-981. The Second Remand Order vacated ALJ Houston's second decision because it contained inconsistent findings regarding Claimant's work skills and the transferability of the same. R. 979-80. The Second Remand Order directed the ALJ to consider Claimant's education and whether it provides a basis for direct entry into skilled work or obtain vocational expert testimony regarding the same. *Id.*

### C. The Third Appeal

On January 11, 2017, Claimant attended a hearing before Administrative Law Judge Kathleen Eiler (the "ALJ"). R. 879-942. On March 15, 2017, the ALJ issued a partially favorable decision finding Claimant disabled as of November 30, 2012. R. 846-878. On May 19, 2017, Claimant filed her current appeal in this Court. Doc. No. 1.

### III.  ANALYSIS

### A. Ms. Wolff's Treatment Note

On February 19, 2015, Ms. Wolff completed an evaluation form in support of Claimant's SSI and DIB applications. R. 840. Ms. Wolff's treatment note contains the following findings. Claimant complains of difficulty ambulating with chronic low back pain and hip pain. *Id.* Claimant states that she is unable to sit for prolonged periods of time and cannot stand for long or short periods of time. *Id.* Due to Claimant's chronic pain, she suffers from anxiety and mood disturbance. *Id.* A physical examination found that Claimant has shortness of breath, neck pain, joint pain, muscle pain, decreased range of motion, and severe back pain. *Id.* Claimant also has

abnormal balance, anxiety, and depression. R. 841. Claimant has pain in a number of areas including her shoulders, spine/torso, hips, and knees. R. 843. In a section describing Claimant's treatment plan, Ms. Wolff stated:

> I have not seen [Claimant] for two years prior to this visit. However, there is no question with my long-term knowledge of her chronic pain syndrome, [chronic obstructive pulmonary disease], and coronary artery disease, that her condition has worsened versus improved. It is in my professional opinion that [Claimant] is a worthy candidate for social security disability….

R. 845. Thus, considering her examination findings along with her long-term knowledge of Claimant's impairments, Ms. Wolff found that: 1) Claimant's condition has worsened; and 2) Claimant is a worthy candidate for social security benefits. *Id.*

At step four, the ALJ gave no weight to Ms. Wolff's treatment note:

> The undersigned considered Ms. Wolff's opinion and points out that a registered nurse is not an acceptable medical source to establish the existence of a medically determinable impairment under the Social Security regulations …. Thus, the undersigned [ALJ] must not give Ms. Wolff's opinion any weight. Further, Ms. Wolff indicated that [Claimant] had not been at the clinic in over two years, which shows her treatment visits have been relatively infrequent for her impairments. Regardless, findings on exam are not so debilitating that such an opinion would follow.

R. 858. Thus, the ALJ gave no weight to Ms. Wolff's treatment note because: 1) as a nurse practitioner, she is an unacceptable medical source to establish the existence of a medically determinable impairment; 2) Ms. Wolff's statement that she had not seen Claimant in over two years shows that Claimant's visits with Ms. Wolff have been infrequent given Claimant's alleged impairments; and 3) the examination findings in the treatment note do not support Ms. Wolff's conclusions. *Id*.

Claimant argues that the ALJ erred in giving no weight to Ms. Wolff's treatment note because she "was entitled to provide her opinion regarding the severity of [Claimant's]

impairments and how they affect her ability to function." *See* Doc. No. 12 at 19-20. The Commissioner argues that the ALJ did not commit reversible error when considering Ms. Wolff's treatment note because: 1) Ms. Wolff is not an acceptable medical source; and 2) the ALJ also noted Claimant's infrequent visits with Ms. Wolff and the inconsistency between Ms. Wolff's examination findings and her conclusions. *Id.* at 25.

The Eleventh Circuit has held that an opinion from an advanced registered nurse practitioner is not entitled to any specific weight or deference because they are not acceptable medical sources. *Himes v. Comm'r of Soc. Sec.*, 585 Fed. Appx. 758, 766 (11th Cir. 2014).[1] *See also Lacina v. Comm'r of Soc. Sec.*, No: 8:14–cv–2797–T–30JSS, 2016 WL 354326, at * 13 (M.D. Fla. Jan. 6, 2016) (noting that the ALJ "was not required to afford significant weight or deference" to the opinions of nurse practitioners); *Belk v. Colvin*, No. 6:13–cv–01669–HGD, 2015 WL 404335, at * 4 (N.D. Ala. Jan. 29, 2015) (noting that opinions from nurse practitioners are not medical opinions).

Here, the ALJ gave no weight to Ms. Wolff's treatment note because she is a nurse practitioner, and thus, is an unacceptable medical source. R. 858. In addition to this finding, the ALJ considered Ms. Wolff's treatment note and provided other reasons for giving no weight to it. *Id.* The ALJ noted that Claimant had not visited Ms. Wolff in two years and the findings contained in the treatment note do not support Ms. Wolff's conclusions. *Id.* Recognizing that: 1) Ms. Wolff's treatment note is not entitled to any specific weight or deference; and 2) the ALJ provided valid reasons for giving no weight to Ms. Wolff's treatment note, it is recommended that the Court find no error in the ALJ's consideration the same.

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

### B. The Checkbox Form

On February 18, 2015, Dr. Badman and Ms. Wolff completed the Checkbox Form. R. 832. The following findings are taken from the same. Claimant cannot sit upright in a chair for three hours or more in an eight-hour workday for five days per week due to pain and fatigue. *Id.* Claimant cannot stand or walk for three or more hours in an eight-hour workday for five days per week due to pain and fatigue. *Id.* Claimant cannot alternate between sitting and standing in an eight-hour work shift. *Id.* Claimant cannot stoop or use both hands to handle and work with small objects. *Id.* Claimant's pain and/or medication side effects prevent her from concentrating at least twenty-five percent of the time. *Id.* Claimant needs hourly breaks of ten to fifteen minutes or more. *Id.* Claimant is unable to perform even sedentary work for eight hours per day and five days per week on a reliable and sustained basis. *Id.* Periodic increased symptoms will result in Claimant being absent from any structured activity at least four times per month. *Id.* Dr. Badman and Ms. Wolff also found that the aforementioned limitations existed since Claimant stopped working in 2002. *Id.*

At step four, the ALJ found that Claimant had the RFC to perform light work with certain exertional and nonexertional limitations:

> After careful consideration of the entire record, the undersigned finds that since January 30, 2003, [Claimant] has the [RFC] to perform light work … except she can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl; frequently reach with her bilateral upper extremities; and avoid concentrated exposure to workplace hazards.

R. 857. The ALJ did not state the weight given to the Checkbox Form and the reasons therefor. R. 847-857. Claimant argues that the ALJ committed reversible error by failing to weigh the Checkbox Form. Doc. No. 12 at 16-20. The Commissioner argues that the ALJ committed no reversible error in her treatment of the Checkbox Form for the following reasons:

> Given the absence of support for the severe limitations checked on the February 2015 form in the form itself, in Dr. Badman's records, and the records of the other doctors discussed by [the ALJ], it is clear that [she] determined the [Checkbox Form] was inconsistent with Dr. Badman's treatment records and the record as a whole. <u>While [the ALJ] did not explicitly discuss the form,</u> "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," so long as [the ALJ's] decision is not just "a broad rejection" that does not enable the reviewing court to conclude that [she] considered the claimant's medical condition as a whole.

*Id.* at 28 (emphasis added). Thus, the Commissioner argues that while the ALJ did not explicitly discuss the Checkbox Form, the lack of support of the limitations found in various records makes it clear that she found the Checkbox Form to be inconsistent with Dr. Badman's treatment records and the record as a whole. *Id.*

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's handling of medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 931 (11th Cir. 2013). In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v.*

*Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (finding that a failure to state with particularity the weight given to medical opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (finding that it is reversible error for the ALJ to fail to state weight given to a non-examining physician's opinion).

After reviewing the Checkbox Form, the Court finds it to be a medical opinion. The Checkbox Form contains Dr. Badman and Ms. Wolff's impressions regarding what Claimant can and cannot do despite her impairments.[2] R. 832. Thus, the ALJ was required to state with particularity the weight given to the Checkbox Form and the reasons therefor. *Winschel,* 631 F.3d at 1178-79. Her failure to do that is reversible error.

The Commissioner argues that "it is clear that [the ALJ] determined [that the Checkbox Form] was inconsistent with Dr. Badman's treatment records and the record as a whole." Doc. No. 12 at 28. The Commissioner provides four reasons in support of her argument. Doc. No. 12 at 26-28. First, the Commissioner notes the ALJ's citation to a number of medical opinions reflecting negatively on Claimant's applications, namely from Drs. Freeman, Le, Ruddock, Chase, Ballentine, and Thakur. *Id.* at 26-27. Second, the Commissioner states that the Checkbox Form contains "no support or rationale for the limitations in the list that were checked off." *Id.* at 27. Third, the Commissioner points to Dr. Badman's treatment notes reflecting normal findings and argues that Dr. Badman's own treatment notes do not support the limitations found in the Checkbox Form. *Id.* Finally, the Commissioner states that Claimant "points to nothing above in Dr. Badman's treatment history that would support the severe limitations suggested by the checked

---

[2] While Ms. Wolff is a nurse practitioner, Dr. Badman is a treating physician whose medical opinions are to be given specific weight. *See Winschel*, 631 F.3d at 1178-79.

boxes." *Id.* at 28. The ALJ, however, failed to weigh the Checkbox Form, and thus, did not reject it on any of these bases. R. 847-857. Thus, the undersigned declines to accept the Commissioner's post hoc rationalization of the ALJ's decision. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 94, 196 (1943)) (declining "to affirm simply because some rationale might have supported the ALJ's conclusion"). *See also Baker v. Comm'r of Soc. Sec.,* 384 Fed. Appx. 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's post hoc rationalizations for agency actions. If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order") (citations omitted).

In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's error is harmless if it does not affect the ALJ's conclusion. *Id.* Here, the ALJ's error is not harmless because she failed to weigh a medical opinion containing more restrictive functional limitations than those found in Claimant's RFC. R. 832, 857. Claimant's RFC states that she is capable of performing light work, but the Checkbox Form states that she cannot stand or walk for three or more hours in an eight-hour workday and that she is unable to perform even sedentary work for eight hours per day and five days per week on a reliable and sustained basis.[3] *Id.* Claimant's RFC also states that she can occasionally stoop, but the Checkbox Form states that she cannot stoop. *Id.* Thus, because the ALJ committed reversible error by failing to state the weight given to the Checkbox Form and the reasons therefor, it is recommended that the Court reverse the Commissioner's final decision.

---

[3] According to the Commissioner's regulations, light work requires "a good deal of walking or standing …" 20 C.F.R. § 404.1567. The regulation notes that to be able to perform light work, the claimant "must have the ability to do substantially all of these activities." *Id.*

### C. Award of Benefits

Claimant requests that the Court reverse the Commissioner's final decision for an award of benefits or, should the case be remanded for further proceedings, that the Court impose a time limit of one hundred twenty days to complete Claimant's administrative proceedings. Doc. No. 12 at 29-30. Claimant argues that she has suffered an injustice because her applications have been pending since September 2009 and are on appeal to this Court for the third time. *Id.*

The Court may remand a social security disability case for an award of benefits where: 1) the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt; or 2) the claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citations omitted) (reversing for an award of benefits because the evidence established disability beyond doubt); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (reversing for an award of benefits after finding that the claimant suffered an injustice).

After reviewing the record, the undersigned finds that the cumulative effect of the evidence does not establish disability beyond doubt. While the Checkbox Form contains limitations that support Claimant's applications, the ALJ noted other evidence that does not support those applications. The ALJ gave significant weight to a September 18, 2002 opinion from Dr. Pamela Freeman and Alicia Frisby, PA-C stating that Claimant is not likely to receive disability benefits for fibromyalgia. R. 857 (citing R. 409).[4] The ALJ also gave some weight to a February 17, 2010 opinion from Dr. Loc Kim Le, a reviewing physician who determined that Claimant had the ability

---

[4] The ALJ noted that this opinion was issued prior to Claimant's alleged onset date. R. 857. The ALJ, however, found the opinion consistent with the medical evidence, showing "stable conditions allowing [Claimant] to perform daily activities." *Id.* The ALJ also noted that despite Claimant's alleged disability onset date of January 30, 2003, "there are hardly any medical records in the file that pertain to that period of time. Instead, there are many records in the file that are dated from 1990 to 2002." R. 862.

to lift and/or carry twenty pounds occasionally and ten pounds frequently and sit about six hours in an eight-hour workday. R. 858 (citing R. 360-67).[5]

The undersigned also finds that Claimant has not suffered an injustice. Both ALJ Houston and the ALJ failed to weigh the Checkbox Form.[6] This Court, however, has declined to award benefits solely on the fact that an ALJ committed the same error twice. *See Holmes v. Comm'r of Soc. Sec.*, No. 5:16-cv-499-Oc-PRL, 2017 WL 461604, at * 3 (M.D. Fla. Feb. 13, 2017); *Correa v. Comm'r of Soc. Sec.*, No. 6:16-cv-90-Orl-31DCI, 2016 WL 7838904, at * 7 (M.D. Fla. Dec. 28, 2016) (declining to award benefits solely because "the ALJ has committed the same error twice").[7] Thus, while the Checkbox Form was not given specific weight on two different occasions, it is recommended that the Court find Claimant's request for an award of benefits unavailing.

The undersigned is troubled by the protracted history of Claimant's SSI and DIB applications. Nevertheless, after careful consideration, the undersigned finds that the Commissioner's final decision should be reversed and the case should be remanded for further proceedings. On remand, the ALJ must state the weight given to the Checkbox Form and the reasons therefor. *Winschel,* 631 F.3d at 1178-79. Claimant also requests that the Court impose a time limit of one hundred twenty days to complete Claimant's administrative proceedings. Doc. No. 12 at 30. The undersigned declines to recommend that the Court impose a time limit on the Commissioner to complete the administrative proceedings on remand. *See Nowells v. Heckler*, 749

---

[5] Dr. Le also found that Claimant's ability to push and/or pull was unlimited and that Claimant had no postural, visual, environmental, or communicative limitations. R. 361-64.

[6] The Checkbox Form is in the administrative transcript that was before ALJ Houston when she issued her second decision. *See Gammon v. Comm'r of Soc. Sec.*, No. 6:15-cv-1643-RBD-KRS, Doc. No. 12-14 at 94. Claimant also notes that she raised this issue in her appeal of ALJ Houston's second decision. Doc. No. 12 at 20. Thus, ALJ Houston's failure to weigh the Checkbox Form appears to violate Judge Conway's order directing the ALJ to "fully evaluate the opinion evidence from all sources in compliance with agency policy." *See supra* p. 3.

[7] Judge Dalton's order and the Second Remand Order do not address the Checkbox Form. R. 973-74, 979-981, 983-84.

F.2d 1570, 1571 (11th Cir. 1985) ("Because of the persuasive reasons against judicially imposed mandatory hearing deadlines set forth by the Supreme Court and discussed by Congress, we decline to grant the claimant's request for a hearing within [ninety] days").

## IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The Court **REVERSE** and **REMAND** the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g); and

2. Direct the Clerk to enter judgment in favor of the Claimant and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 6, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy